Case No. 23-1827 Consolidated into 23-1825

United States Court of Appeals
For the Seventh Circuit

---

**JEREMY W. LANGLEY, et al**

    Plaintiffs-Appellees,

v.

**BRENDAN KELLY, et al.,**

    Defendants-Appellants.

---

On Appeal from the United States District Court
for the Southern District of Illinois
Case No. 3:23-cv-00209-SPM
Honorable Stephen P. McGlynn

---

**OPPOSITION OF PLAINTIFF APPELLEES' JEREMY W. LANGLEY, TIMOTHY B. JONES AND MATTHEW WILSON AND TO STATE APPELLANTS-DEFENDANTS' EMERGENCY MOTION TO STAY THE DISTRICT COURT'S PRELIMINARY INJUNCTION PENDING APPEAL**

---

Thomas G. Maag
Peter J. Maag
Maag Law Firm, LLC
22 West Lorena Avenue
Wood River, IL 62095
(618) 216-5291

*Attorneys for Plaintiffs-Appellees*

May 9, 2023

## INTRODUCTION

It is somewhat ironic that, within days of the U.S. Supreme Court asking the City of Naperville to defend its similar firearm ban, in light of *Bruen*, this Court asked Plaintiffs, in essence, to justify the District Court preliminary injunction in light of *Friedman v. City of Highland Park, Illinois*, 784 F. 3d 406 - Court of Appeals, 7th Circuit 2015, and *Wilson v. Cook County,* 937 F. 3d 1028 - Court of Appeals, 7th Circuit 2019.  In so doing, the Preliminary Injunction, entered after full briefing and argument in the District Court, was stayed, pending further order of this Court.

## ARGUMENT

As an initial matter, Defendants should have proceeded with their request to stay the preliminary injunction in the District Court, before presenting same here. See F.R.A.P. 8.  Instead, they jumped straight to this Court without giving the District Court a change to consider the issue.  That alone is enough to justify not staying the District Court Preliminary Injunction.

As to the merits, the Second Amendment protects arms that are commonly possessed by law-abiding citizens for lawful purposes, especially, but not limited to, self-defense in the home. See *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111, 2128 (2022) (citing *D.C. v. Heller*, 554 U.S. 570, 629 (2008)). The

arms banned by the State are possessed by *millions,* if not *tens of millions* of law abiding citizens for lawful purposes, including self-defense in the home and elsewhere.

Under The Supreme Court's precedents, "that is all that is needed for citizens to have a right under the Second Amendment to keep such weapons.*"* *Friedman v. City of Highland Park, Ill*., 577 U.S. 1039 (2015) (Thomas, J., joined by Scalia, J., dissenting from denial of certiorari). There cannot be the slightest question, therefore, that the challenged laws are unconstitutional.

This Court asked for the Plaintiffs to discuss the bearing of two of this Court's pre *Bruen* decisions. *Wilson* was decided on the basis that *Friedman* was allegedly controlling. Also, unlike in *Friedman*, where this Court noted that the plaintiffs in that case have not come forward with any authority or developments that postdate this court's *Friedman* decision that requires it to reconsider that decision, today, we have *Bruen*, which effectively overruled most of this Circuit's Second Amendment law. Under a proper *Bruen* analysis, it is likely that most of the restrictions this Court has previously upheld, will and should fall.

At the risk of stating the obvious, both *Friedman* and *Wilson* are pre-*Bruen* cases, that, as cited supra, the author of *Bruen* himself, Justice Thomas, stated he

would have granted a writ of certiorari on the matter, as this Court's said cases were wrongly decided. Justice Thomas is and was correct.

Both *Friedman* and *Wilson* rely on the same two part analysis that the Supreme Court expressly rejected in *New York State Rifle & Pistol Assn, Inc. v. Bruen,* 142 S. Ct. 2111, 2117 - Supreme Court 2022 ("Since Heller and McDonald, the Courts of Appeals have developed a "two-step" framework for analyzing Second Amendment challenges that combines history with means-end scrutiny. The Court rejects that two-part approach as having one step too many.)

The challenged laws here are unconstitutional because "[w]hen the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct." *Bruen*, 142 S. Ct. at 2129-30. Plaintiffs desire to keep and bear for lawful purposes (including defense of their homes and persons) the semi-automatic firearms and firearm magazines banned by the challenged laws. A semi automatic firearm without a proper magazine is the same as a computer without the proper software, or a printing press without paper, fundamentally useless for its intended purpose. As recently reiterated by the Supreme Court, in its most recent statements on the Second Amendment, which effectively overruled most of the inferior court decisions upholding gun bans, "[T]he Second Amendment extends, *prima facie*, to all instruments that constitute

bearable arms." *Bruen*, 142 S. Ct. at 2132. Thus, Plaintiffs' conduct is presumptively protected by the Second Amendment. Id., 142 S. Ct. at 2129-30.

Given that the Second Amendment presumptively protects Plaintiffs' conduct, under *Bruen* the burden shifts to the government to attempt to rebut the presumption of unconstitutionality by demonstrating that their absolute ban is "consistent with the Nation's historical tradition of firearm regulation." Id. But it is impossible for the State to carry such a burden because the Supreme Court has held since *Heller* that no founding era precedent remotely burdens Second Amendment rights as much as an absolute ban on a category of arms commonly held by law-abiding citizens for lawful purposes. See *Bruen*, 142 S. Ct. at 2128 (citing *Heller*, 554 U.S. at 631-32).

In *Bruen*, the Supreme Court observed that if the last 10 years of Second Amendment litigation have taught it anything, it is that the inferior federal courts, including this very court, too often have deferred to restrictions on Second Amendment rights. Id., 142 S. Ct. at 2131. The Supreme Court intended *Bruen* to be a rather strong correction in the treatment of Second Amendment cases by the lower courts, and to make crystal clear that the Second Amendment is not a second class right, to be balanced away by legislatures and judges, who are generally guarded by the very arms and magazines that the challenged statute seeks to

deprive ordinary law abiding persons from protecting their own homes, places of work and families with. Id.142 S. Ct. at 2156.

Said another way, in essence, *Bruen* threw *Friedman* and *Wilson* on the same dustbin of history as *Plessy v. Ferguson*, 163 U.S. 537 (1896) and *Dred Scott v. Sandford*, 60 U.S. (19 How.) 393 (1857), along with this Court's decision in NRA v. City of Chicago, 567 F. 3d 856 (7th Cir 2009)(declining to incorporate the Second Amendment as against the states).

*Friedman* also expressly limited its constitutional protections to firearms common, in 1791. *Friedman* , 784 F. 3d at 411. In that regard, the decision disregarded the Supreme Court's decision in *Heller*, which stated, "the Second Amendment extends, prima facie, to all instruments that constitute bearable arms, even those that were not in existence at the time of the founding," *District of Columbia v. Heller*, 554 U.S. 570, 582, 128 S.Ct. 2783, 171 L.Ed.2d 637 (2008), This was reaffirmed in *Caetano v. Massachusetts*, 136 S. Ct. 1027 - Supreme Court 2016. *Caetano v. Massachusetts*, 577 U.S. 411 (2016) reaffirmed that the limit of the Second Amendment's coverage was not limited to 1791 technology, any more than the First Amendment is limited to the Gutenberg printing press or the Fourth Amendment limited to actual literal paper.

*Friedman* also found that the fact that other arms were available for self defense somehow a relevant factor (*Friedman*, 784 F. 3d at 411), despite the fact

that *Heller* itself rejected that argument. *Heller*, 128 S.Ct. 2783, 2818 (2008). Thus, *Friedman* was obviously wrong from the start.

In any event, our Supreme Court has stated that, the "Second Amendment extends, *prima facie,* to all instruments that constitute bearable arms, even those that were not in existence at the time of the founding." *District of Columbia v. Heller*, 128 S.Ct. 2783, 2792 (2008).

To limit citizens to grossly obsolete arms, like the muskets or Kentucky Long Rifles used in the Revolutionary War, is to eviscerate the Second Amendment much the way that George Orwell described the "Commandments" altered in Animal Farm. A Charleville musket, state of the art in 1791, would almost be a liability in 2023 combat, limiting the American citizen to a level of arms and defense grossly inferior to any that of any foe they are likely to actually face. Whatever else can be said about the Second Amendment, if the arms that it protects are not at least roughly equal to the arms possessed by those that would do criminal violence to law abiding persons, be those criminals burglars, rioters, or any of the long list of those that would do criminal violence on the members of the American public, then the Second Amendment might as well be a dead letter. Fortunately, American citizens are not limited to the arms that the see on display at history museums, modern devices are protected. *District of Columbia v. Heller*, 554 U.S.

570, 582, 128 S.Ct. 2783, 171 L.Ed.2d 637 (2008), *Caetano v. Massachusetts*, 136 S. Ct. 1027 - Supreme Court 2016.

## CONCLUSION

Accordingly, this Court should allow the Preliminary Injunction of the Southern District of Illinois to again take effect, and to remain in effect, pending final resolution of these matters.

Dated:  May 9, 2023

Respectfully Submitted,
Jeremy W. Langley, Todd B. Jones
and Matthew Wilson,

By:  *Thomas G. Maag*

Thomas G. Maag
Peter J. Maag
Maag Law Firm, LLC
22 West Lorena Avenue
Wood River, IL  62096

(618) 216-5291
tmaag@maaglaw.com

*Counsel for Plaintiffs-Appellees*