UNITED STATES COURT OF APPEALS

FOR THE SEVENTH CIRCUIT

CALEB BARNETT, et al                    *

*Plaintiffs-Appellees*                  *

       vs                           *        Civil Nos: 23-1793, 23-1825,
                                             23-1826, 23-1827, 23-1828

KWAME RAOUL, et al.,                    *

*Defendants-Appellants*                 *


**Motion for Reconsideration of the Denial of Leave to File an Amicus Brief Based on Oral Argument**


John Cutonilli files this second motion for reconsideration of the denial of leave to file an amicus curiae brief in Support of Plaintiffs-Appellees in accordance with Federal Rules of Appellate Procedures 27. On 23 June the Court denied Cutonilli's motion for leave to file an amicus brief without explanation. See Doc 76. On 26 June, Cutonilli filed his first motion for reconsideration (doc 91), but that motion was also denied without explanation on 27 June (doc 102).

Cutonilli requests that the Court reevaluate its denial orders because the oral argument demonstrates that there are issues that are not found in the partied briefs

and those issues can be addressed by Cutonilli's amicus brief. The Court describes the problem as "extremely difficult" because the parties have not addressed the nuances of the problem. "The amicus has a unique perspective, or information, that can assist the court of appeals beyond what the parties are able to do." See *National Organization for Women v. Scheidler*, 223 F.3d 615 (7th Cir. 2000). With this unique perspective the problem is very easy.

What is missing in the parties briefs is the "historical insight into how the key phrases, 'dangerous and unusual' and 'in common use,' relate to societal biases that carry forward into this case," which is provided in Cutonilli's brief. These societal biases are based on how and why a particular arm is used in society, and ultimately determine whether an arm has constitutional protection.

The oral argument raised the question of constitutional protection for several arms including stinger missiles, bazookas, grenades and machine guns. The methodology presented in Cutonilli's amicus brief can be used to determine this constitutional protection. Stinger missiles are not protected because they are used to shoot down aircraft and there is no legitimate use in society for shooting down aircraft. Bazookas, grenades, and machine guns are all designed to attack areas rather than specific points. Bazookas and grenades do this by dispersing shrapnel over an area, while machine guns use rapid fire and multiple bullets to attack an area. Judge Wood used the term spraying bullets, which is another way to say that

you are attacking on an area. It is this attack on an area that is not a legitimate use (i.e. not commonly used) in society. If a semiautomatic firearm were used to attack an area, that person would likely be charged with a crime because it is not societally acceptable to use the firearm in that manner.

"Assault weapons" and "large capacity ammunition feeding devices" are commonly used for legitimate purposes in society. The Court simply needs to read the law in question to find "examples of the commonly accepted uses of 'assault weapons,'" as documented in the motion for leave.

The historical insight in Cutonilli's brief is derived from historical court cases that explain why concealable weapons were banned. This historical reasoning is based on how these weapons were used in society. These weapons were thought to be associated with criminality and there was no legitimate use for these weapons. Open carry of some of these weapons was allowed when there was legitimate use for these weapons such as self-defense. Concealable weapons could have potentially been used for self-defense, but the courts still allowed bans of these weapons because their use was not considered common in society. The Court's example of a 75-year-old using a machine gun for self-defense would fail for the same reason, the use is not socially acceptable.

The legislatures do play a role in determining what is socially acceptable. The bans on concealed carry that have historically existed in this country would never have been repealed if the legislatures did not feel their repeal was appropriate. District of Columbia v. Heller, 554 U.S. 570, 636 (2008) acknowledged that "[t]he Constitution leaves … a variety of tools for combating [gun violence] … [b]ut the enshrinement of constitutional rights necessarily takes certain policy choices off the table." In this case, the legislature and the law in question provide evidence of common socially acceptable uses of the disputed arms so the constitution takes the policy choice in the disputed law off the table.

In conclusion, this brief will assist the judges by presenting ideas, arguments, theories, insights, facts, or data that are not found in the briefs of the parties. The Court should rescind its denial orders and grant Cutonilli's motion for leave to file an amicus brief (Doc 74).

Respectfully submitted,

/s/ John Cutonilli
John Cutonilli
P.O. Box 372
Garrett Park, MD 20896
(410) 675-9444
jcutonilli@gmail.com

7 July 2023

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1, amicus John Cutonilli

certifies that the amicus is not a publicly held corporation, that the amicus does not

have a parent corporation, and that no publicly held corporation owns 10 percent or

more of amicus's stock.

/s/John Cutonilli
John Cutonilli
P. O. Box 372
Garrett Park, MD 20896
jcutonilli@gmail.com

CERTIFICATE OF COMPLIANCE

1. This motion complies with type-volume limitation of Fed. R. App. P.

   27(d)(2)(A) because the motion contains 753 words, excluding the parts of the

   brief exempted by Fed. R. App. P. 32(f).

2. This motion complies with the typeface requirements of Fed. R. App. P.

   32(a)(5), and the type style requirements of Fed. R. App. P. 32(a)(6), because it

   has been prepared in a proportionally spaced typeface using Microsoft Word in

   14-point Times New Roman type.

   Dated: 7 July 2023

                                             /s/ John Cutonilli

                                             John Cutonilli
                                             P.O. Box 372
                                             Garrett Park, MD 20896
                                             (410) 675-9444
                                             jcutonilli@gmail.com

CERTIFICATE OF SERVICE

I hereby certify that on 7 July 2023, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system. I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ John Cutonilli

John Cutonilli
P.O. Box 372
Garrett Park, MD 20896
(410) 675-9444
jcutonilli@gmail.com