**SENIOR PARTNER**
C. D. Michel*

**PARTNERS**
Anna M. Barvir
Matthew D. Cubeiro
Joshua Robert Dale**
W. Lee Smith

\* Also admitted in Texas and the District of Columbia
\*\* Also admitted in Nevada

**MICHEL & ASSOCIATES, P.C.**
Attorneys at Law

**ASSOCIATES**
Tiffany D. Cheuvront
Alexander A. Frank
Konstadinos T. Moros

**OF COUNSEL**
Sean A. Brady
Jason A. Davis
Joseph Di Monda
Scott M. Franklin
Michael W. Price

writer's direct contact:
562-216-4444
CMichel@michellawyers.com

September 28, 2023

**VIA CM/ECF**
Office of the Clerk of Court
United States Court of Appeals
for the Seventh Circuit
Everett McKinley Dirksen Courthouse
219 S. Dearborn Street, Room 2722
Chicago, IL 60604

> **Re:** *Caleb Barnett, et al. v. Kwame Raoul*, et al., No. 23-1825
> (consolidated with Nos. 23-1353, 23-1793, 23-1826, 23-1827, and 23-1828)
> Appellees' Citation of Supplemental Authority Pursuant to Rule 28(j)

Plaintiffs-Appellees write to notify this Court of a recent ruling by the District Court for the Southern District of California in *Duncan v. Bonta,* S.D. Cal. No. 3:17-cv-01017-BEN-JLB, Dkt. No. 149. That ruling comports with the District Court ruling in *Caleb Barnett, et al.* and may be of considerable persuasive value to this court.

In ruling that the common magazines at issue are undoubtedly "arms" under the Second Amendment because they are necessary for modern firearms to operate correctly, the *Duncan* court also rejected California's argument that magazines over a certain capacity are not protected arms because they are supposedly not commonly used in self-defense. "[A]n arm needs only to be regarded as typically possessed or carried, or commonly kept, by citizens to be ready for use, if needed." *Duncan*, at p. 21. Further, "Constitutional protection is afforded to weapons 'typically possessed by law-abiding citizens for lawful purposes,' focusing on typicality and possession rather than frequency of firing." *Id.* at 23.

The *Duncan* court also pointed out that what matters for historical comparison is regulations on *firearms* specifically, because *Bruen* thrice said a modern law must be consistent with the "Nation's historical tradition of *firearm regulation*." *Id.* at 48 (citing *Bruen*, 142 S. Ct. at 2126, 2130, and 2135). Moreover, Plaintiffs were "correct in asserting that there are no Founding-era categorical bans on firearms in this nation's history." *Id.* at 50.

Finally, the *Duncan* court noted that none of California's list of proposed analogues, over 300 in total, were persuasive because none barred the mere possession of common arms. Instead, the most relevant analogues were "the manifold early militia laws requiring each citizen, not to limit the amount of ammunition he could keep, but to arm himself with enough ammunition: at least 20 rounds." *Id.* at 67. The Court concluded that "There is no American history or tradition

of regulating firearms based on the number of rounds they can shoot, or of regulating the amount of ammunition that can be kept and carried." *Id.* at 70.

    Sincerely,
    **Michel & Associates, P.C.**

    C.D. Michel