

**OFFICE OF THE ATTORNEY GENERAL
STATE OF ILLINOIS**

Kwame Raoul
Attorney General

October 2, 2023

Mr. Christopher G. Conway
Clerk of the Court
United States Court of Appeals for the Seventh Circuit
219 South Dearborn St., 27th Floor
Chicago, Illinois 60604

Re:     *Barnett. v. Raoul,* Nos. 23-1825, 23-1793, 23-1826, 23-1827, 23-1828 (consol.)

Dear Mr. Conway:

Pursuant to Federal Rule of Appellate Procedure 28(j), the state parties in the above-referenced appeals seek to provide this court with notice of a correction to the record provided to the district court via letter in both *Barnett v. Raoul,* Nos. 23-cv-209, 23-cv-141, 23-cv-192, 23-cv-215 (consolidated for preliminary injunction proceedings), and *Herrera v. Raoul,* No. 23-cv-00532.

The state parties in these cases presented evidence from historian Brian Delay in response to the plaintiffs' preliminary injunction motions. *See Barnett*, Doc. 37-13; *Herrera,* Doc. 52-13. Professor Delay recently reviewed his declaration and has brought a mathematical error to our attention. Professor Delay stated that "high-capacity firearms constituted less than 0.002% of all firearms in the United States as late as 1872." *Barnett*, Doc. 37-13 ¶ 60; *Herrera* Doc. 52-13 ¶ 60; *see also Barnett*, Doc. 37-13 ¶¶ 7, 60, and heading II (p. 22); *Herrera* Doc. 52-13 (same). The correct figure is 0.2%. As he explains in a supplemental declaration provided to the *Barnett* and *Herrera* district courts, Professor Delay's calculation was based on the figures he set forth in the declaration itself. *See* Exs. A, B. Specifically, he stated that there were approximately 9,294 high-capacity firearms (Henrys and Winchester 1866s) in circulation in the United States in the period leading up to 1872. *Barnett*, Doc. 37-13 ¶ 59; *Herrera* Doc. 52-13 ¶ 59. He further estimated, conservatively, that there were at total of at least 5 million firearms in the United States. *Barnett*, Doc. 37-13 ¶ 60; *Herrera* Doc. 52-13 ¶ 60. When calculated, 9,294 divided by 5,000,000 equals 0.0018588; or, rounded up, 0.002. Professor Delay

erroneously reported this decimal figure as the percentage. Correctly rendered, 0.002 amounts to 0.2%.

No defendant relied on this figure in their briefing or oral argument before this court. Nor is the figure cited in any of the three preliminary injunction decisions (in *Barnett*, *Herrera*, and *Bevis v. City of Naperville*, No. 22-cv-04775) on review in these consolidated appeals. The state parties and Professor Delay regret the error.

Very best regards,

/s/ Sarah A. Hunger
SARAH A. HUNGER
Deputy Solicitor General
100 West Randolph Street
12th Floor
Chicago, Illinois 60601
(312) 814-5202 (office)
(312) 771-3885 (cell)
Sarah.Hunger@ilag.gov

**CERTIFICATE OF COMPLIANCE**

This letter complies with Federal Rule of Appellate Procedure 28(j) because its body contains 333 words.

/s/ Sarah A. Hunger
SARAH A. HUNGER

**CERTIFICATE OF FILING AND SERVICE**

I hereby certify that on October 2, 2023, I electronically filed the foregoing Letter with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ Sarah A. Hunger
SARAH A. HUNGER

# EXHIBIT A



# OFFICE OF THE ATTORNEY GENERAL
### STATE OF ILLINOIS

Kwame Raoul
ATTORNEY GENERAL

September 29, 2023

**Via Email**

Hon. Stephen P. McGlynn
U.S. District Court for the
Southern District of Illinois
750 Missouri Avenue
East St. Louis, IL 62201
SPMpd@ilsd.uscourts.gov

Re:   *Barnett v. Raoul*, No. 23-cv-209 (S.D. Ill.) (*designated lead case)
      *Harrel v. Raoul*, No. 23-cv-141 (S.D. Ill.)
      *Langley v. Kelly*, No. 23-cv-192 (S.D. Ill.)
      *Federal Firearms Licensees of Illinois v. Pritzker*, No. 23-cv-215 (S.D. Ill.)

Dear Judge McGlynn,

On March 3, 2023, the Attorney General, Governor Pritzker, and Director Kelly (the "State Defendants") presented evidence from historian Brian Delay in a declaration filed in the above-captioned consolidated actions in support of their Response in Opposition to Plaintiffs' Motions for Preliminary Injunction. ECF 37-13.

Professor Delay recently reviewed his declaration and has brought a mathematical error to our attention. Professor Delay stated that "high-capacity firearms constituted less than 0.002% of all firearms in the United States as late as 1872." *Id*. ¶ 60. *See also id.* ¶¶ 7, 60, and heading II (p.22). This figure is erroneous. The correct figure is 0.2%. As he explains in the attached supplemental declaration, Professor Delay's calculation was based on the figures he set forth in the declaration itself. Specifically, he stated that there were approximately 9,294 high-capacity firearms (Henrys and Winchester 1866s) in circulation in the United States in the period leading up to 1872. *Id*. ¶ 59. He further estimated, conservatively, that there were a total of at least 5 million firearms in the United States. *Id*. ¶ 60. 9,294 divided by 5,000,000 equals 0.0018588; or, rounded up, 0.002. Professor Delay erroneously reported this decimal figure as the percentage. Correctly rendered, 0.002 amounts to 0.2%.

      Our office is informing all of the district courts where the original declaration was filed, as well as the Seventh Circuit Court of Appeals. The State Defendants and Professor Delay regret the error.

      Respectfully,

*[signature: Chris Wells]*

Christopher G. Wells
Chief, Public Interest Division
Office of the Illinois Attorney General

cc: All Counsel of Record

# SUPPLEMENTAL DECLARATION OF BRIAN DELAY

Pursuant to 28 U.S.C. § 1746, I, Brian Delay, declare and state as follows:

1.  I am over the age of eighteen (18) years, competent to testify to the matters contained in this declaration, and testify based on my personal knowledge and information.

2.  I have been engaged by the Office of the Attorney General of Illinois to provide expert testimony in multiple lawsuits involving legal challenges to Illinois Public Act 102-1116. The scope of this engagement includes *Harrel v. Raoul*, Case No. 23-cv-141 (S.D. Ill.); *Langley v. Kelly*, Case No. 23-cv-192- (S.D. Ill.); *Barnett v. Raoul*, No. 23-cv-209- (S.D. Ill.); *Federal Firearms Licensees of Illinois v. Pritzker*, No. 23-cv-215 (S.D. Ill.); *Herrera v. Raoul*, No. 23-cv-532 (N.D. Ill.); and *Kenneally, v. Raoul,* No. 23-cv-50039 (N.D. Ill.).

3.  I have reviewed my declaration dated February 24, 2023 (2/24/23 Declaration), and I have determined that I made a mathematical error in that declaration.

4.  At paragraphs 7, 60, and 61, as well as in a heading preceding paragraph 47, I estimated that high capacity firearms constituted approximately 0.002% of firearms in the United States in the period after the ratification of the 14th Amendment. This figure is erroneous. The correct figure is 0.2%.

5.  This corrected calculation is based on the figures I set forth in the declaration itself (figures I stand by). Specifically, I explained that were approximately 9,294 high-capacity firearms (Henrys and Winchester 1866s) in circulation in the United States in the period leading up to 1872. 2/24/23 Decl. ¶ 59. I further estimated, conservatively, that there were at total of at least 5 million firearms in the United States. *Id*. ¶ 60.

6.  9,294 divided by 5,000,000 equals 0.0018588; or, rounded, up, 0.002. I erroneously reported this decimal figure as the percentage. Correctly rendered, 0.002 amounts to 0.2%.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 27, 2023 at Albany, CA.

/s/ *Brian DeLay*
Brian Delay

# EXHIBIT B

# OFFICE OF THE ATTORNEY GENERAL
## STATE OF ILLINOIS

Kwame Raoul
ATTORNEY GENERAL

September 29, 2023

**Sent via email to Courtroom Deputy**

Hon. Lindsay C. Jenkins
U.S. District Court for the
Northern District of Illinois
Everett McKinley Dirksen United States Courthouse
219 South Dearborn Street
Chicago, IL 60604

Re:     *Herrera v. Raoul, et al.*, No. 23-cv-00532

Dear Judge Jenkins,

On March 3, 2023, the Attorney General and Director Kelly (the "State Defendants") presented evidence from historian Brian Delay in a declaration filed in the above-captioned case in support of their Response in Opposition to Plaintiffs' Motions for Preliminary Injunction. ECF 52-13.

Professor Delay recently reviewed his declaration and has brought a mathematical error to our attention. Professor Delay stated that "high-capacity firearms constituted less than 0.002% of all firearms in the United States as late as 1872." *Id*. ¶ 60. *See also id.* ¶¶ 7, 60, and heading II (p.22). This figure is erroneous. The correct figure is 0.2%. As he explains in the attached supplemental declaration, Professor Delay's calculation was based on the figures he set forth in the declaration itself. Specifically, he stated that there were approximately 9,294 high-capacity firearms (Henrys and Winchester 1866s) in circulation in the United States in the period leading up to 1872. *Id*. ¶ 59. He further estimated, conservatively, that there were at total of at least 5 million firearms in the United States. *Id*. ¶ 60. 9,294 divided by 5,000,000 equals 0.0018588; or, rounded up, 0.002. Professor Delay erroneously reported this decimal figure as the percentage. Correctly rendered, 0.002 amounts to 0.2%.

Our office is informing all of the district courts where the original declaration was filed, as well as the Seventh Circuit Court of Appeals. The State Defendants and Professor Delay regret the error.

Very truly yours,

Kathryn Hunt Muse
Deputy Chief, Public Interest Division
Office of the Illinois Attorney General

cc: All Counsel

## SUPPLEMENTAL DECLARATION OF BRIAN DELAY

Pursuant to 28 U.S.C. § 1746, I, Brian Delay, declare and state as follows:

1. I am over the age of eighteen (18) years, competent to testify to the matters contained in this declaration, and testify based on my personal knowledge and information.

2. I have been engaged by the Office of the Attorney General of Illinois to provide expert testimony in multiple lawsuits involving legal challenges to Illinois Public Act 102-1116. The scope of this engagement includes *Harrel v. Raoul*, Case No. 23-cv-141 (S.D. Ill.); *Langley v. Kelly*, Case No. 23-cv-192- (S.D. Ill.); *Barnett v. Raoul*, No. 23-cv-209- (S.D. Ill.); *Federal Firearms Licensees of Illinois v. Pritzker*, No. 23-cv-215 (S.D. Ill.); *Herrera v. Raoul*, No. 23-cv-532 (N.D. Ill.); and *Kenneally, v. Raoul,* No. 23-cv-50039 (N.D. Ill.).

3. I have reviewed my declaration dated February 24, 2023 (2/24/23 Declaration), and I have determined that I made a mathematical error in that declaration.

4. At paragraphs 7, 60, and 61, as well as in a heading preceding paragraph 47, I estimated that high capacity firearms constituted approximately 0.002% of firearms in the United States in the period after the ratification of the 14th Amendment. This figure is erroneous. The correct figure is 0.2%.

5. This corrected calculation is based on the figures I set forth in the declaration itself (figures I stand by). Specifically, I explained that were approximately 9,294 high-capacity firearms (Henrys and Winchester 1866s) in circulation in the United States in the period leading up to 1872. 2/24/23 Decl. ¶ 59. I further estimated, conservatively, that there were at total of at least 5 million firearms in the United States. *Id*. ¶ 60.

6. 9,294 divided by 5,000,000 equals 0.0018588; or, rounded, up, 0.002. I erroneously reported this decimal figure as the percentage. Correctly rendered, 0.002 amounts to 0.2%.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 27, 2023 at Albany, CA.

/s/ *Brian DeLay*
Brian Delay