SENIOR PARTNER
C. D. MICHEL*

PARTNERS
ANNA M. BARVIR
MATTHEW D. CUBEIRO
JOSHUA ROBERT DALE**
W. LEE SMITH

*   Also admitted in Texas and the
    District of Columbia
**  Also admitted in Nevada

**MICHEL & ASSOCIATES, P.C.**
Attorneys at Law

ASSOCIATES
TIFFANY D. CHEUVRONT
ALEXANDER A. FRANK
KONSTADINOS T. MOROS

OF COUNSEL
SEAN A. BRADY
JASON A. DAVIS
JOSEPH DI MONDA
SCOTT M. FRANKLIN
MICHAEL W. PRICE

WRITER'S DIRECT CONTACT:
562-216-4444
CMichel@michellawyers.com

October 20, 2023

**VIA CM/ECF**
Office of the Clerk of Court
United States Court of Appeals
for the Seventh Circuit
Everett McKinley Dirksen Courthouse
219 S. Dearborn Street, Room 2722
Chicago, IL 60604

    **Re:**    *Caleb Barnett, et al. v. Kwame Raoul*, et al., No. 23-1825
           (consolidated with Nos. 23-1353, 23-1793, 23-1826, 23-1827, and 23-1828)
           Appellees' Citation of Supplemental Authority Pursuant to Rule 28(j)

       Plaintiffs-Appellees write to notify this Court of a recent ruling by the District Court for the Southern District of California in *Miller v. Bonta,* S.D. Cal. No. 19-cv-01537-BEN-JLB, Dkt. No. 175. That ruling comports with the District Court ruling in *Caleb Barnett, et al.* and may be of considerable persuasive value to this court.

       The Court explained how some courts that have reasoned that firearms "most useful in military service" can be banned are mistaken. "*Heller* made the logical connection between weapons commonly possessed by law-abiding citizens for lawful purposes that would also be useful for military purposes." *Miller*, at pp. 12-13. "[C]ommonly owned weapons that may be useful for war and are reasonably related to militia use are also fully protected, so long as they are not useful solely for military purposes." *Id*., at p. 13.

       The Court also pointed out how "historical twins" to California's "assault weapon" ban are not unimaginable, they just did not exist. "It could have been the case that the early states prohibited ownership of rifles and muskets with bayonet attachments or firearms capable of multiple shots without reloading…There were no such restrictions." *Id*., at p. 38. More importantly, and as Plaintiffs have argued in this case, dramatic leaps in firearm technology *did* happen in the 19th century, but they were never banned. "[T]here are no state prohibitions on the possession or manufacture of [Henry and Winchester] lever-action rifles in the State's law list." *Id*., at p. 39.

       The Court went through some of the same proposed analogues argued by Illinois in this case, rejecting them one by one as completely dissimilar to a ban on possession of common firearms. These included trap gun laws, fire-safety laws related to gunpowder storage,

restrictions on the carry of bowie knives and concealed pistols, surety laws, machinegun restrictions, and racist laws. *Id.*, pp. 41-55.

      Finally, the Court rejected California's argument that actual use in self-defense shootings is the relevant metric of "common use". "An AR-15 under one's bed at night is being used for self-defense even when the night is quiet." *Id.*, p. 72.

                                Sincerely,
                                **Michel & Associates, P.C.**

                                C.D. Michel

Case: 23-1825   Document: 123   Filed: 10/20/2023   Pages: 2

180 East Ocean Boulevard • Suite 200 • Long Beach • California • 90802
Tel: 562-216-4444 • Fax: 562-216-4445 • www.michellawyers.com